John M. Friedman,
Police Justice. Defendant, now represented by counsel other than her trial counsel, moves to set aside her conviction and for a new trial or dismissal, upon the grounds that she was not adequately represented by her trial counsel, that she was not in satisfactory physical or mental state at the trial, and that she had a witness who did not testify, but whose testimony would have warranted an acquittal. Both defendant and the People consider the application to be in the nature of coram nobis, which writ is available in this court. (People v. Eastman, 306 N. Y. 658.)
I believe defendant’s trial counsel was competent; and I believe it would be improper to grant a new trial on the ground that a witness who was available at the first trial was not called. However, defendant’s other reason for a new trial deserves further consideration.
Defendant was charged with violation of section 600 of the Vehicle and Traffic Law, entitled ‘1 Leaving scene of accident without reporting.” The sole witness for the People was a young man who testified that he was waiting with an auto at the Searsdale railroad station to pick up his father, when an auto driven by defendant, while making a turn, hit the left side of his auto. Then, according to the young man: defendant backed her auto for another try, came forward, and hit his auto again; she backed again, and this time was able to clear his auto; and then she drove on. His auto, the young man said, suffered a substantial dent.
Defendant took the stand in her own behalf, and, while she seemed somewhat confused, testified in effect that she realized she hit the other car, but that she was operating under some stress because at this rush hour, when commuter trains were *314 coming in, there was an anxious bus behind her, and other frustrated and milling cars, and she just wanted to get away from the scene.
The People were not represented at the trial by a prosecuting attorney. I asked a few questions in order to clarify defendant’s recital. There was no impropriety in this. (People v. De Leyden, 10 N Y 2d 293.)
A vital question which I asked defendant was whether, if traffic had not been so bad at the time, she would have stopped and given the information required by section 600. She said that she would have, of course. Defendant thereby convicted herself, showing a clear realization that she had participated in a situation covered by section 600, and that she should have complied with its requirements.
Where a defendant is coerced by a Judge or prosecutor into pleading guilty, the judgment of conviction should be set aside. (People v. Farina, 2 N Y 2d 454; People v. Wright, 12 A D 2d 466.) While I did not coerce defendant, or, I hope, come even close to doing that, something similar happened. I believe that defendant was trying to impress me with her good intentions and sincerity and to convince me that she wanted to do what she apparently thought I felt should have been done. In short, she in effect pleaded guilty unwittingly, not coerced by the court, but, in a sense, overawed by it. This may be a new ground for granting a new trial, but in the interests of justice to defendant, I shall grant it, with the hope that on the second time around, contrary to what happened with the autos, defendant will participate in the trial with greater composure.
Accordingly, the judgment of conviction herein is set aside, and new trial is ordered for October 29,1962.